RECEIVED
IN LAKE CHARLES, LA.

APR 10 2015

TONY R. MOORE, CLERK
BY_____
DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| CHRISTOPHER STANFORD, | * | CIVIL ACTION NO. 2:15-cv-118 |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | JUDGE MINALDI |
| | * | |
| DS CORP. OF INDIANA, ET AL., | * | |
| | * | |
| Defendants. | * | MAGISTRATE JUDGE KAY |
| | * | |

*****************************************************************

## MEMORANDUM RULING

Before the court are a series of Motions that shall be ruled on collectively due to the interconnectivity of the issues therein. The Motions before the court are as follows: Ron Hoover Marine, Inc.'s ("RHM") Motion to Dismiss for Lack of Personal Jurisdiction and Improper Venue [Doc. 9], CrossRoads RV's[1] ("CrossRoads") Motion to Dismiss for Lack of Personal Jurisdiction and Improper Venue [Doc. 10], and Marine One Acceptance Corporation's ("Marine One") Motion to Dismiss for Lack of Personal Jurisdiction and Improper Venue [Doc. 13]—all defendants herein. Christopher Stanford ("Stanford") failed to file a response to any Motion.

For the following reasons, RHM's Motion [Doc. 9] is **GRANTED,** CrossRoads' Motion [Doc. 10] is **GRANTED,** and Marine One's Motion [Doc. 13] is **GRANTED.**

### FACTS & PROCEDURAL HISTORY

This dispute arises from RHM's sale to Stanford of a recreation vehicle ("RV") on May 27, 2014, in Rockport, Texas.[2] CrossRoads is identified as the manufacturer of the RV,[3] and

---

[1] CrossRoads was incorrectly identified as DS Corp. of Indiana in the complaint.
[2] Compl. [Doc. 1] ¶¶ 3, 8. Stanford is a resident of Louisiana. *See id.*
[3] The Complaint does not actually allege that CrossRoads is the manufacturer, but the VIN number identified matches that standard configuration used for recreational vehicles manufactured by CrossRoads. *See* RHM's Mot. to Dismiss [Doc. 9-1], at 2 n. 3.

Marine One loaned money to Stanford for the purchase of the RV.[4]  Stanford alleges that the RV

he purchased was defective.[5]

On January 22, 2015, Stanford filed suit against the defendants, asserting a number of

causes of action under Texas law as well as a violation of the Moss Warranty Act, 15 USC §

2310(d).[6]  On March 5, RHM and CrossRoads filed their instant Motions.[7]  On March 16, 2015,

Marine One filed its instant Motion.[8]

## LAW & ANALYSIS

When a nonresident defendant brings a Rule 12(b)(2) motion to dismiss for lack

of personal jurisdiction, the plaintiff seeking to invoke the jurisdiction of the district court bears

the burden of establishing contacts by the nonresident defendant sufficient to invoke the

jurisdiction of the court. *See Wilson v. Belin,* 20 F .3d 644, 648 (5th Cir. 1994).  If the court

rules on the motion without an evidentiary hearing, the plaintiff may satisfy this burden by

making a prima facie showing of jurisdiction; proof by a preponderance of the evidence is not

required. *See Wilson,* 20 F.3d at 648.  In reviewing a motion to dismiss for lack

of personal jurisdiction, the court will accept the uncontroverted allegations set forth in the

complaint as true. *See Latshaw v. Johnston,* 167 F.3d 208, 211 (5th Cir. 1999); *Thompson v.*

*Chrysler Motors Corp.,* 755 F.2d 1162, 1165 (5th Cir. 1985).

Where, as here, the court's jurisdiction is predicated on diversity of citizenship, the court

may exercise jurisdiction over a nonresident defendant if: (1) the forum state's long-arm statute

confers personal jurisdiction over the defendant; and (2) exercise of such jurisdiction comports

with due process under the Constitution. *See Latshaw,* 167 F.3d at 211; *D.J. Investments, Inc. v.*

---

[4] Compl. [Doc. 1] ¶ 38.
[5] *Id.* ¶¶ 16-22.
[6] *See id.*
[7] *See* RHM's Mot. to Dismiss [Doc. 9] & CrossRoads' Mot. to Dismiss [Doc. 10].
[8] *See* Marine One's Mot. to Dismiss [Doc. 13].

*Metzeler Motorcycle Tire Agent Gregg, Inc.,* 754 F.2d 542, 545 (5th Cir. 1985).  The Louisiana long-arm statute authorizes the exercise of jurisdiction over a nonresident defendant as far as is permitted by due process. *See* LA. REV. STAT. § 13:3201(B).  The inquiry, therefore, is whether the exercise of personal jurisdiction over a nonresident defendant comports with federal constitutional requirements. *See Dalton v. R & W Marine, Inc.,* 897 F.2d 1359, 1361 (5th Cir. 1990).

The Supreme Court of the United States has held that due process is satisfied when the defendant: (1) has purposefully availed himself of the benefits and protections of the forum state by establishing "minimum contacts" with the forum state such that he could anticipate being haled into that state's courts; and (2) the exercise of jurisdiction does not offend traditional notions of fair play and substantial justice. *See Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 472–76 (1985); *International Shoe Co. v. Washington,* 326 U.S. 310, 316 (1945).  The court must examine fairness only if the plaintiff first establishes that the nonresident defendant has sufficient minimum contacts with the forum state. *See Allred v. Moore & Peterson,* 117 F.3d 278, 286 (5th Cir. 1997).

The "minimum contacts" prong is satisfied when a defendant "purposefully avails itself of the privilege of conducting activities within the forum state, thus invoking the benefits and protections of its laws." *Burger King,* 471 U.S. at 475. The nonresident defendant's availment must be such that the defendant "should reasonably anticipate being haled into court" in the forum state. *World–Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 297 (1980).  This test "ensures that a defendant will not be haled into a jurisdiction solely as a result of 'random,' 'fortuitous,' or 'attenuated' contacts, or of the 'unilateral activity of another party or a third person.'" *Burger King,* 471 U.S. at 475 (citations omitted).

Further, the "minimum contacts" aspect of the analysis can be established through "contacts that give rise to 'specific' personal jurisdiction or those that give rise to 'general' personal jurisdiction." *Wilson*, 20 F.3d at 647.  Specific jurisdiction exists when the nonresident defendant's contacts with the forum state arise from, or are directly related to, the cause of action. *See id.* (citing *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 n. 8 (1984)).  General jurisdiction exists when a "corporation's affiliations with the State are so continuous and systematic as to render it essentially at home in the forum State." *Daimler AG v. Bauman*, 134 S.Ct. 746, 761 (2014) (internal citations and quotations omitted).  A corporation is at home in a state when it is either incorporated there or has its principal place of business there. *See Daimler*, 134 S.Ct. at 761.

## I.      Specific Jurisdiction

The cause of action as alleged in the complaint arises from Stanford's purchase of an RV in Texas.  Stanford signed the sales contract and took delivery of the vehicle in Texas.  The complaint contains no allegations of activity in Louisiana.  Marine One did not provide financing to Stanford directly; it was assigned the rights from RHM in Texas.[9]  Therefore, this court does not possess specific personal jurisdiction over any of the named defendants because the cause of action does not arise out of the defendants' contacts with Louisiana.

## II.     General Jurisdiction

The three defendants also assert that they are not subject to general personal jurisdiction in Louisiana.

### A. Dismissal of RHM

---

[9] Decl. of Martin Angel [Doc. 15] ¶ 6.

RHM is incorporated in Texas and both of its locations are in Texas.[10] There is no allegation that RHM possesses a principal place of business anywhere other than Texas. Therefore, the exercise of general personal jurisdiction of RHM in Louisiana is inappropriate.

### B. Dismissal of CrossRoads

CrossRoads is incorporated in Indiana, and its principal place of business is in Indiana.[11] CrossRoads has no offices or business operations in Louisiana.[12] Therefore, CrossRoads is not subject to general personal jurisdiction in Louisiana.

### C. Dismissal of Marine One

Marine One is a Texas corporation, and its principal place of business is in Texas.[13] Jared Morris, Marine One's Chief Executive Officer, lives in DeRidder, Louisana, and he rents an office there.[14] However, no lending operations are conducted from the office space in Louisiana.[15] Therefore, Marine One is not at home in Louisiana such that it can be subject to general personal jurisdiction in this state.

Lake Charles, Louisiana, this ___9___ day of _____April_____, 2015.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE

---

[10] Decl. of Christopher Hoover [Doc. 9-2] ¶ 3.
[11] Decl. of Michael Kloska [Doc. 10-2] ¶ 3.
[12] *Id.* ¶ 8.
[13] Decl. of Martin Angel [Doc. 15] ¶ 3.
[14] *Id.* ¶ 4.
[15] *Id.*